UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM CAMPBELL, JR.,

      Plaintiff,

  v.                                  Civil Action 2:21-cv-4055
                                      Judge Michael H. Watson
                                      Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, William Campbell, Jr., an Ohio inmate at the North Central Correctional Complex ("NCCC") who is proceeding *pro se*, filed his Complaint (ECF No. 1-1), along with a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), in the United States District Court for the Southern District of Ohio, Eastern Division.  He brings this civil rights action under 42 U.S.C. § 1983 against the following Defendants, all in both their individual and official capacities:  (1) Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC") and of the Ohio Adult Parole Authority ("OAPA")[1]; (2) Cynthia Mausser, former OAPA chairperson and board member; and (3) Several John Does, "also members of the Ohio Adult Parole Authority, or other State officials, who are unknown at this time, by identity.[2]"  (Pl.'s Compl. 2-3, ECF No. 1-1 at PageID ## 11-12, ¶¶ 5-8).  Plaintiff alleges that he

---

[1] Defendant Chambers-Smith is the director of ODRC, of which OAPA is a division.  However, there does not appear to be a separate director of OAPA.  https://drc.ohio.gov/parole (last accessed Aug. 27, 2021).

[2] "Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff

was denied parole due to racial animus and systematic discrimination against African-American parole candidates vis-à-vis their Caucasian counterparts.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Having performed the initial screen, for the reasons that follow, the undersigned **ORDERS** that the Motion for Leave to Proceed *in forma pauperis* be **GRANTED** and **RECOMMENDS** that the Complaint be **DISMISSED**.

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1)-(2) (ECF No. 1), the undersigned **ORDERS** that the Motion be **GRANTED**.  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at NCCC is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.  After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See*

---

could identify defendant through discovery." *Robinson v. Doe,* No. 1:07-cv-729, 2009 WL 650383, *2 (S.D. Ohio March 10, 2009) (Weber, J.).

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Checks should be made payable to Clerk, United States District Court, and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.     BACKGROUND

The undersigned derives the following allegations from Plaintiff's Complaint.  Plaintiff is currently serving a sentence of up to sixty-five years for rape, robbery, and kidnapping (Pl.'s Compl. 42, ECF No. 1-1 at PageID # 51.)  Plaintiff has come up for parole five times and been denied each time.  (*Id*. at PageID # 16, ¶ 23.)  Plaintiff challenges his most recent denial of parole, the hearing for which occurred before the Ohio Parole Board[3] on January 18, 2019.  (*Id*. at PageID # 49.)  The denial became official on January 25, 2019.  (*Id*. at PageID # 50.)  The Board offered the following rationale for its decision:

> The Board has determined that the inmate is not suitable for release at this time. The inmate has completed some programming and has improved institutional conduct. However, the inmate is a repeat sex offender-stranger rapes, victim(s) taken off the street/riverbank. Community members strongly oppose his release.

---

[3] The Ohio Parole Board is a division of OAPA.  Ohio Rev. Code § 5149.10.

> The release of this inmate would not be consistent with the welfare and security of society or further the interest of justice.

(*Id*. at PageID # 49.)  The Board concluded as follows:

> There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create an undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society.

(*Id*.)  Plaintiff moved for reconsideration on January 31, 2019, (*id*. at PageID #45), which was denied on February 20, 2019.  (*Id*. at PageID # 48.)

Plaintiff alleges that Defendant Mausser and nonparty Andre Imbrogno,[4] a deceased former OAPA board member, implemented a decision-making process that was biased against African-Americans such as Campbell.  (Pl.'s Compl. 4, ECF No. 1-1 at PageID # 13, ¶¶ 12-14.) Plaintiff alleges that Mausser made racially-charged comments toward him at the parole hearing and told him that he did not deserve to live.  (*Id.* at PageID # 15, ¶ 22.)  He further alleges that, since taking over as ODRC and OAPA Director, Chambers-Smith has continued the policy of systematically denying parole to African-American inmates while granting parole in significantly more instances to Caucasian inmates.  (*Id*. at PageID ## 13-14, ¶¶ 15-16.)  Plaintiff alternatively alleges that he was denied parole in retaliation for filing a state-court lawsuit in which he similarly alleged that his parole denials were infected with racial animus and systematic discrimination.  (*Id*. at PageID ## 15, 16, 19 ¶¶ 22, 24, 28.)

Under the section of his Complaint captioned "VIOLATIONS," Plaintiff states as follows:

> The policies, procedures , practices and acts of Defendants Smith and Mausser, and unknown counterpart, as alleged in one thru twelve-----, incorporated **herein,** tortures, berates and ignores the restrictions placed on this government, as well as

---

[4] Imbrogno is repeatedly and incorrectly referred to as a Defendant throughout the Complaint.

4

> Plaintiff Campbell's Constitutional rights as if found in Article I, Section 10, Cl. 1, the First and Fourteenth Amendments to the United States Constitution; and are therefore violative of the Civil Rights Act of 1871, Rev. Stat. 1079., as amended to 42 U.S.C. 1983[.]

(Pl.'s Compl. 10, ECF No. 1-1 at PageID # 19 (emphasis in original).)  He also asserts:

> Defendant Smith's policies applying new criteria and regulations against Plaintiff and others excluding inmates' half-time review and taking away Campbell's "Good Time Credit" under the Ohio R.C. § 2967.19 and 2967.191.  The law which would shave off 30% of an inmate's sentence under the old law, which therein violation [*sic*] of the "Ex Post Facto" law which is prohibit[ed] by the Constitution.

(*Id*. at PageID # 20.)

Plaintiff seeks declaratory, injunctive, and monetary relief.  (Pl.'s Compl. 12-13, ECF No. 1-1 at PAGEID ## 21-22.)

### III.   STANDARD

Section 1915A requires trial courts to screen all complaints "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of governmental entity" and to *sua sponte* dismiss an action or claim upon a determination by the Court that the action or claim "is frivolous or malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(a),(b)(1); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'"  *Flores v. U.S. Att'y Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (Preston Deavers, Mag. J.), *report and recommendation adopted at* 2014 WL 2535232 (S.D. Ohio Jun. 5, 2014) (Marbley, J.), quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  This occurs when "'indisputably meritless'" legal theories underlie the complaint, or when a

complaint "relies on 'fantastic or delusional' allegations." *Id*. (quoting *Neitzke*, 490 U.S. at 327–28).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed

liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## IV. ANALYSIS

Although Plaintiff's Complaint lacks clarity, it appears that he intends to advance claims of violations of the Due Process and *Ex Post Facto* Clauses and a First Amendment retaliation claim. However, the undersigned concludes that the statute of limitations bars Plaintiff from bringing these claims.

"In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Further, although statute of limitations is an affirmative defense, in the context of a statutorily-required initial screen, "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate." *Castillo v. Grogan,* 52 F. App'x 750, 751 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (affirming trial court's dismissal of claims under § 1915A in connection with initial screen as time barred, explaining "[i]f a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*") (citation omitted); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)

(same).

As set forth above, Plaintiff's most recent parole hearing occurred on January 18, 2019, and parole was denied on January 25, 2019. The denial of Plaintiff's request for reconsideration on February 20, 2019, (Pl.'s Compl. 39, ECF No. 1-1, PageID # 48) was the latest date upon which his injury could have accrued, meaning that the statute of limitations for a § 1983 lawsuit expired no later than February 20, 2021. However, Plaintiff did not file this action until July 29, 2021. Thus, Plaintiff's claims against all Defendants arising out of the January 2019 denial of parole and February 2019 denial of reconsideration are barred by the applicable statute of limitations. Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** all claims against Defendants pursuant to 28 U.S.C. § 1915A as time barred. *Castillo*, 52 F. App'x at 751.

## V. DISPOSITION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915A.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE