UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William Campbell, Jr.,

              Plaintiff,

v.

Annette Chambers-Smith, *et al.*,

              Defendants.

Civil Action 2:21-cv-4055

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

William Campbell, Jr. ("Plaintiff"), an Ohio inmate at the North Central Correctional Complex who is proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 against the following Defendants, all in both their individual and official capacities: (1) Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction and of the Ohio Adult Parole Authority ("OAPA"); (2) Cynthia Mausser, former OAPA chairperson and board member; and (3) Several John Does, "also members of the Ohio Adult Parole Authority, or other State officials, who are unknown at this time, by identity." Compl. ¶¶ 5-8, ECF No. 1-1 at PAGEID ## 11–12.

Plaintiff alleges that he was denied parole due to racial animus and systematic discrimination against African American parole candidates vis-à-vis their Caucasian counterparts.

On September 3, 2021, the Magistrate Judge issued a Report and
Recommendation ("R&R") recommending that the lawsuit be dismissed as time-
barred.  R&R, ECF No. 4 at PAGEID # 113.  On September 23, 2021, Plaintiff
filed Objections.  Obj., ECF No. 5.  For the reasons set forth below, the Court
**ADOPTS** the R&R and **DISMISSES** the Complaint.

## I.    BACKGROUND

The Magistrate Judge accurately set forth the procedural history and the
factual allegations in the Complaint.  R&R, ECF No. 4 at PAGEID ## 108–10.
The Court incorporates that discussion by reference.

The Magistrate Judge noted that the latest date on which Plaintiff's injury
could have accrued for statute of limitations purposes was February 20, 2019,
the date on which his application for reconsideration of his denial of parole was
denied, "meaning that the statute of limitations for a § 1983 lawsuit expired no
later than February 20, 2021." *Id.* at PAGEID # 113; *see also Browning v.
Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (statute of limitations for 42 U.S.C.
§ 1983 claim in Ohio is two years (citing Ohio Rev. Code § 2305.10)).

As Plaintiff did not file suit until July 29, 2021, the Magistrate Judge
concluded that Plaintiff's Complaint is time-barred and should be dismissed.
R&R, ECF No. 4 at PAGEID # 113 (citing *Castillo v. Grogan,* 52 F. App'x 750,
751 (6th Cir. 2002) (noting that *sua sponte* dismissal of complaint that is barred
on its face by the statute of limitations is appropriate)).

## II.    STANDARD OF REVIEW

Section 1915A requires trial courts to screen all complaints "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of governmental entity" and to *sua sponte* dismiss an action or claim upon a determination by the Court that the action or claim "is frivolous or malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(a),(b)(1); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'"  *Flores v. U.S. Att'y Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014), *report and recommendation adopted at* 2014 WL 2535232 (S.D. Ohio Jun. 5, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  This occurs when "'indisputably meritless'" legal theories underlie the complaint, or when a complaint "relies on 'fantastic or delusional' allegations."  *Id.* (quoting *Neitzke*, 490 U.S. at 327–28).

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition[.]"  Fed. R. Civ. P. 72(b)(1).  "[A] party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.    ANALYSIS

Defendant's Objections speak to the merits of his claims, which the Magistrate Judge correctly surmised are alleged "violations of the Due Process and *Ex Post Facto* Clauses and a First Amendment retaliation claim." R&R, ECF No. 4 at PAGEID #112. However, he does not dispute that his claims are time-barred; nor does he mention the statute of limitations or whether equitable tolling operated to excuse his untimely filing. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that in order to obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

From its independent review of the record, the Court concludes that the Magistrate Judge was correct in concluding that the denial of reconsideration of the Ohio Parole Board's decision on February 20, 2019, Compl., ECF No. 1-1 at PAGEID # 48, was the latest date on which the injury giving rise to the instant action could have occurred. R&R, ECF No. 4 at PAGEID # 113. Further, there can be no dispute that the statute of limitations expired two years later, on February 20, 2021, *Browning*, 869 F.2d at 992, but that Plaintiff did not file the Complaint until five months after expiration. While the statute of limitations is

normally an affirmative defense, *sua sponte* dismissal under 28 U.S.C. § 1915A is appropriate when, as here, the "statute of limitations defense clearly appears on the face of a pleading[.]" *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004); *accord Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, all claims against Defendants must be dismissed as frivolous.

Finally, in *Simons v. Washington*, the United States Court of Appeals for the Sixth Circuit held that pursuant to 28 U.S.C. § 1915(g), District Courts may, and often should, recommend to future courts whether a complaint should be considered one of the three cases under which an incarcerated plaintiff may proceed *in forma pauperis*. 996 F.3d 350, 353 (6th Cir. 2021). This is commonly known as the "three-strikes rule." *Id.* at 351. As Plaintiff's Complaint is being dismissed as "frivolous," 28 U.S.C. § 1915(g), the Court concludes that this Complaint should be treated as one of Plaintiff's strikes.

## IV.    DISPOSITION

For the reasons set forth above, the R&R is **ADOPTED,** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A as frivolous. The Clerk shall enter judgment for Defendants and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**